IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFRED WILSON,

                    Plaintiff,

v.

WARDEN LIZZIE TEGELS,

                    Defendant.

OPINION and ORDER

23-cv-501-jdp

---

Plaintiff Alfred Wilson, appearing pro se, is incarcerated at Jackson Correctional Institution (JCI). Wilson alleges that the drinking water at JCI is contaminated with perfluoroalkyl and polyfluoroalkyl substances, also known as PFAS. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Wilson's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Wilson's vague allegations do not state a constitutional claim for relief, but I will give him a chance to amend his complaint.

ANALYSIS

Wilson alleges that in May 2023, defendant Warden Lizzie Tegels became aware that the town well water used by the prison contained perfluoroalkyl and polyfluoroalkyl

substances, also known as PFAS or "forever chemicals"[1] and that he "was exposed to various life threatening cancers" and other diseases. Dkt. 1, at 3. I take him to be saying that Tegels took no action to fix the problem. It is unclear whether prisoners are currently forced to drink contaminated water. Wilson contends that Tegels's inaction violated his Eighth Amendment rights.

The Eighth Amendment requires the government to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement that expose a prisoner to a substantial risk of serious harm are unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

But prison conditions violate the Eighth Amendment only when they are so serious that they result in "the denial of the minimal civilized measure of life's necessities," *id.*, or "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). In an "exposure" case, where the harm is not immediate, a prisoner must demonstrate that he was personally exposed to "unreasonably high levels" of the contaminant in question. *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Put another way, prisoners are not entitled to completely pristine conditions of confinement, including drinking water. "Poisoning the prison water supply or deliberately inducing cancer in a prisoner would be forms of cruel and unusual punishment . . . . But failing to provide a maximally safe

---

[1] *See* United States Geological Survey, "Tap water study detects PFAS 'forever chemicals' across the US," https://www.usgs.gov/news/national-news-release/tap-water-study-detects-pfas-forever-chemicals-across-us.

environment, one completely free from pollution or safety hazards, is not." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001); *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993) ("Exposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual.").

Wilson's allegations are too vague to show that he has been denied the minimal civilized measure of life's necessities. He doesn't state that he has already been harmed by the water and he doesn't allege enough to suggest that prisoners were subjected to unreasonably high levels of PFAS. He doesn't explain how he knows that PFAS were present in the water or whether DOC staff was ordered to do something about it. He appears to be alleging that the prison's water comes from the local town's well, which suggests that the public is being subjected to the same level of PFAS as prisoners. *See Carroll*, 255 F.3d at 472 ("The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans."); *see also* National Institute of Environmental Health Sciences, "Perfluoroalkyl and Polyfluoroalkyl Substances (PFAS)" ("One report by the Centers for Disease Control and Prevention . . . found PFAS in the blood of 97% of Americans.").[2]

I will give Wilson a chance to file an amended complaint better explaining his claims. In drafting his amended complaint, Wilson should remember to state his allegations as if he were telling a story to someone who knows nothing about the events. In particular, he should explain what he knows about the seriousness of the PFAS contamination and how prison officials were alerted to it.

---

[2] https://www.niehs.nih.gov/health/topics/agents/pfc/index.cfm.

If Wilson does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Alfred Wilson's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until November 7, 2023, to submit an amended complaint.

Entered October 17, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge